UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for use of TRI-CITY ELECTRIC COMPANY OF IOWA, an Iowa corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>ALACRAN/O&SJV, LLC, an Illinois limited liability company, ALACRAN/O&S JOINT VENTURE, and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>                Defendants. | Case No. 4:11-cv-04109-SLD-JEH |

## ORDER

Before the Court are Plaintiff Tri-City Electric Company's ("Tri-City") and Defendant Alacran/O&SJV or Alacran/O&S Joint Venture's ("the Alacran defendants")[1] joint motion for entry of judgment. Because the parties have settled the matter out of court, they jointly move, ECF No. 27, for the Court to enter judgment against the Alacran defendants. Unusually, the parties ask the Court to stay enforcement of the judgment until January 15, 2015, pending the Alacran defendants' payment under a settlement agreement. For the reasons stated below, the parties' motion for entry of judgment is DENIED.

---

[1] Alacran has been identified in a variety of ways. For ease of reference, the Court refers here simply to the Alacran defendants.

1

**RELEVANT PROCEDURAL HISTORY**

Tri-City filed a Miller Act claim, ECF No. 1, against the Alacran defendants, and against Liberty Mutual as its bonding company. The Complaint alleged that the Alacran defendants had, as primary contractors on a federal construction project, failed to pay Tri-City completely for work it had done as a subcontractor on the project. Compl. 1–2, ECF No. 1.

After the close of discovery, the week before trial, the parties indicated to the Court that they had settled their dispute out of court, and the Court directed the parties to file a stipulation of dismissal or other appropriate motion. Aug. 25, 2014 Text Order. Plaintiff Tri-City proceeded to file, ECF No. 26, a signed settlement agreement executed between itself, the Alacran defendants, and Liberty Mutual, and a proposed judgment for the Court to enter. The settlement documents indicate that the parties agree that "Judgment is to be entered in the United States District Court for the Central District of Illinois against The Alacran Entities and Liberty Mutual . . . [but that] Tri-City Electric agrees not to execute on or take any efforts to enforce said Judgment until January 16, 2015." Set. Agr. 2, ECF No. 26. The draft order suggests the following language to the Court:

> Judgment is hereby entered against ALACRAN/O&SJV, LLC, ALACRAN/O&S Joint Venture and Liberty Mutual Insurance Company, jointly and severally, in favor of Plaintiffs United States of America for use of Tri-City Electric Company of Iowa, and Tri-City Electric Company of Iowa in the amount of $180,499.40. Enforcement of the Judgment is stayed until January 16, 2015.

*Id.* at 5. The Court declined to enter this order, again directing the parties to file a stipulation of dismissal, with a deadline of January 23, 2015. Oct 6, 2014 Text Order. The parties responded with the Motion for Entry of Judgment, ECF No. 27, that is now before the Court.

## ANALYSIS

**I.     Legal Standard**

It is important to be clear about what kinds of voluntary resolutions of civil actions plaintiffs may pursue in federal court, once the defendant has served an answer. At least three exist: stipulated dismissals, requested dismissals, and requests for consent judgment.

A plaintiff may voluntarily dismiss a civil action by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). A stipulation of dismissal that meets the requirements of Rule 41(a)(1)(A)(ii) is as of right, and deprives the court of jurisdiction when filed. *Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007); *see Szabo Food Service*, *Inc. v. Canteen Corp.*, 823 F.2d 1073, 1078 (7th Cir. 1987) (explaining that a Rule 41(a) "dismissal terminates the case all by itself"). Generally, this kind of dismissal is without prejudice unless the parties specify otherwise. Fed. R. Civ. Pr. 41(a)(1)(B). Stipulations of dismissal thus provide litigants with a flexible tool to negotiate their disputes and cease litigation whenever they wish, determining for themselves, without need to consult the court, when the litigation will terminate and whether the plaintiff will be precluded from renewing his suit at a future time. The ordinary remedy for either party to a settlement agreement, if the other party breaches, is a contract action. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994).

Alternatively, a plaintiff may, without the consent of other parties to the litigation, and after an answer has been served, request that the court dismiss her claim, but then only for good cause. Fed. R. Civ. P. 41(a)(2). Under these circumstances, dismissal is not automatic, and the court, in its discretion, may issue an order dismissing the case. *Id.* This kind of dismissal

generally occurs when a plaintiff wishes to dismiss without prejudice, thus retaining the ability to refile her suit, but cannot come to an agreement with the defendant as required by Rule 41(a)(1)(A)(ii). *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985). As a result, the court's chief concern in deciding whether and on what terms to grant a Rule 41(a)(2) dismissal should be fairness to a the defendant, who by hypothesis has not consented to the dismissal. *See Tyco Laboratories Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980) (citing as relevant factors in granting the motion "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant" (citing *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969))). If such a motion is granted with conditions attached by the court, conditions "normally just convert a dismissal without prejudice into a dismissal with prejudice" if a plaintiff fails to abide by them. *McCall-Bey*, 777 F.2d at 1184. Thus, a court's grant of Rule 41(a)(2) dismissal is typically a very limited exercise of its authority, and notably one that does not involve the continuing exercise of the court's jurisdiction.

Matters are different when parties request a consent decree or consent judgment (the terms appear to be used by courts interchangeably, and is occasionally, confusingly, termed a stipulated judgment). Like voluntary dismissals, consent judgments are means of concluding litigation when the parties no longer wish to pursue it. But while a stipulated dismissal is an agreement by the parties ending the court's jurisdiction, a consent judgment is a discretionary exercise by the court of that jurisdiction, in the form of an order that adopts and endorses with the court's authority the settlement agreement of private parties. *See U.S. v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002) (a consent judgment "is a court order that embodies the terms

4

agreed upon by the parties as a compromise to litigation"); *Schurr v. Austin Galleries of Illinois, Inc.*, 719 F.2d 571, 574 (2d Cir. 1983) (describing a consent judgment as "an agreement of the parties entered upon the record with the sanction and approval of the court" (citing *Town of Oyster Bay v. Forte*, 219 N.Y.S.2d 456, 459 (N.Y.Sup.Ct. 19161))). A consent judgment, if granted, thus involves the court in continued supervision of the terms of a contract, which any party to the contract may enforce by returning to the court and initiating contempt proceedings. *See Kasper v. Board of Election Com'rs of the City of Chicago*, 814 F.2d 332, 338 (7th Cir. 1987) (explaining that a consent judgment is "an exercise of federal power, enforceable by contempt").

Consent judgments have the effect of modifying and extending the court's jurisdiction, terminating it in one sense but resurrecting it for a limited purpose. For a consent judgment, unlike a stipulated dismissal, is a final judgment on the merits. *United States v. Fisher*, 864 F.2d 434, 439 (7th Cir. 1988). Consent judgments thus prevent relitigation of the underlying claim. *See Arizona v. California*, 530 U.S. 392, 414 (2000).[2] Even as they bar litigation of the underlying case or controversy, however, they extend the court's equitable jurisdiction to the enforcement of the terms of the parties' contract—however long that may take. *McCall-Bey*, 777 F.2d at 1183. Because a consent judgment requires the court to expend time and resources to supervise a private settlement agreement, the court considers, in choosing whether such a judgment should issue: whether the proposed judgment is consistent with the law, does not harm the legitimate interest of third parties, and is "an appropriate commitment of the court's limited resources." *Kasper*, 814 F.2d at 338.

---

[2] Once a consent decree issues, the matter is often completely disposed of and, as the parties observe at great length in their papers, Mot. Entry J. 2–5, entry of judgment is appropriate pursuant to Federal Rule of Civil Procedure 58(b)(2)(B).

Unlike a stipulated dismissal, which parties may take as of right, litigants wishing the court to issue a consent judgment must argue why the judgment should issue, and cannot expect the court unreflectively to endorse their agreement with the full authority of the federal judiciary. *See, e.g.*, *N.L.R.B. v. Brooke Industries, Inc.*, 867 F.2d 434, 436 (7th Cir. 1989) (parties were "incorrect to contend that [the judge had] no choice but to rubber stamp their proposal" by issuing a consent judgment); *In re Memorial Hospital*, 862 F.2d 1299, 1302 (7th Cir. 1988) ("the benefits [of a consent judgment] to the parties are not the only desiderata").

**II.     Discussion**

In this case, the parties were initially unclear about what sort of relief they wish the Court to grant. At first, Tri-City submitted what appeared to be a copy of a settlement agreement executed with the Alacran defendants, along with an exhibit entitled "JUDGMENT." This exhibit was captioned for the present matter, indicated that the prospective judgment would be entered against the Alacran entities and Liberty Mutual, and purported to stay its own enforcement until the date when—the settlement documents reveal—the parties wished the Alacran entities to have paid a debt to Tri-City.[3] The Court, via text order, declined the implicit request of the parties to enter this order, and, in the absence of any pending motion, directed the parties, who appeared to have settled the matter amongst themselves, to file an appropriate stipulation of dismissal. Oct. 6, 2014 Text Order. The parties instead filed the instant motion, this time requesting explicitly that the judgment be entered by this Court, describing the relief they requested as a stipulated judgment. Mot. Entry J. 4.

---

[3] The parties offer no explanation or authority for the proposition, implicit in the draft judgment, that the Court might stay the enforcement of a final judgment.

6

But a judgment cannot just be stipulated by the parties.[4] Rather, it may be requested and granted by the court if it is consistent with the law, does not harm third parties, and is an appropriate use of judicial resources. *See Kasper*, 814 F.2d at 338. The parties offer no persuasive reason why a consent judgment is more appropriate in their case than would be a stipulated dismissal, and no reason why a consent judgment would be an "appropriate commitment of the court's limited resources." *Kasper*, 814 F.2d at 338.

The parties suggest that "the Judgment Entry serves as the security for the payment of the agreed settlement amount." Mot. Entry J. 2. But they do not explain why entering a judgment against the Alacran defendants provides any more security that Alacran will pay than does the contract the parties appear already to have signed, or than the option, offered by the Court, to delay stipulating to dismissal until after the time by which the Alacran defendants are supposed to have fulfilled their obligations. The parties' mere desire to have the Court enforce their settlement agreement is insufficient because "a federal court is more than a 'recorder of contracts' from whom private parties may purchase injunctions." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986).

The parties also suggest that a consent judgment is appropriate because "it avoids Plaintiffs having to come back to the Court and requesting Judgment be entered in the event the Defendant . . . does not pay the settlement amount on or before January 15, 2015." Mot. Entry J. 2. But if the Court does nothing now, or the parties stipulate to dismissal, on what basis could Plaintiff return, upon the Alacran defendants' nonpayment, and request "judgment be entered?" The parties here suggest no legal basis upon which the Court might be asked to enter judgment

---

[4] The two cases the parties cite in support of their motion, *Rodriguez v. City of Chicago*, 2012 WL 662312 (N.D. Ill.), and *IMI Norgren, Inc. v. D & D Tooling Mfg. Inc.*, 306 F.Supp.2d 796, 799 (N.D. Ill. 2004), both involved the court's exercise of its discretion in deciding whether to enter a consent judgment. *See Rodriguez* at *3; *IMI Norgren* at 800.

against the Alacran defendants under those circumstances, and, if the court had not entered a consent judgment, the Court observes that it would appear to have no jurisdiction to enforce a private agreement between the parties. Conversely, if the Court were to enter a consent judgment at this time, as the parties request, Plaintiffs would have to return to the Court anyway, in the event of an Alacran nonpayment, to request the enforcement of that judgment. In other words, the parties' suggestion "avoids" nothing.

If the parties wish the Court to retain jurisdiction over their settlement, they must file a proposed consent judgment, along with a motion explaining why such a judgment would be consistent with the law, would not harm the legitimate interest of third parties, and is "an appropriate commitment of the court's limited resources." *Kasper*, 814 F.2d at 338. Alternatively they may file a stipulation of dismissal now or once the terms of their settlement agreement have been satisfied.

Accordingly, the parties' motion for consent judgment is denied. The Court directs the parties, pursuant to the Court's text order of October 6, 2014, to file a stipulation of dismissal or other appropriate motion not later than January 23, 2015.

## CONCLUSION

The parties' motion, ECF No. 27, is DENIED.


Entered this 29th day of October, 2014.

                                                                                                                                                                                                                                   s/ Sara Darrow
                                                          SARA DARROW